IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL FUNDING, LLC, | ) |
| | ) C.A. No. 1:24-cv-00875-RGA |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MENACHEM TRESS AND ELIMELECH TRESS, | ) |
| | ) |
| Defendants. | ) |

### *AMENDED* COMPLAINT

Plaintiff Capital Funding, LLC (the "Plaintiff"), by and through its undersigned counsel, hereby files this Amended Complaint against Defendants Menachem Tress and Elimelech Tress and, in support thereof, avers as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff Capital Funding, LLC is a Maryland limited liability company having its principal office at 2455 House Street, Baltimore, Maryland 21230.

2. Capital Funding, LLC's sole member is CFG Bank, a bank chartered in the State of Maryland.

3. Defendant Menachem Tress, upon information and belief, is an adult individual residing at 4 Cameo Ridge Road, Monsey, New York 10952.

4. Defendant Elimelech Tress, upon information and belief, is an adult individual residing at 40 High Street, Lakewood, New Jersey 08701.

24847376

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (a) none of the members (or the members of the members) of Plaintiff are citizens of the States of New York or New Jersey, and (b) the amount in controversy exceeds $75,000.00.

6. Venue is proper because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred and/or a substantial part of the property that is the subject of this action is situated in New Castle County, Delaware.

7. Defendants are also subject to personal jurisdiction in this Court. Defendants are members of Delaware limited liability company Galloway Apartments GEM LLC ("Borrower"). Upon information and belief, Defendants are members who participate materially in Borrower as to make them subject to jurisdiction in this Court.

8. Borrower is the owner and landlord of real property located at 400 South Dupont Highway, New Castle, Delaware 19720 (the "Property"), which consists of 128 rentable apartment units which are approximately 90% occupied. The Amended and Restated Limited Guaranty (defined below) made, executed, and delivered by Defendants to Plaintiff as a Lender was completed to induce Lenders (defined below) to extend credit and the Loan (defined below) to Borrower in the original maximum principal amount of $19 million for the acquisition and financing

of the Property. Defendants agreed, among other things, they would directly benefit from Lenders' making the Loan to Borrower and the Loan was valuable consideration to the Defendants. *See* **Ex. D** WHEREAS ¶¶ 5-6. Defendants had a decision making role in Borrower, a Delaware limited liability company that received a $19 million dollar loan to finance the purchase of apartments in Delaware inhabited by Delaware residents. Defendants executed the Amended and Restated Limited Guaranty in their personal capacities to further induce the Lenders to make the Loan to the Borrower. And, the Amended and Restated Limited Guaranty that is the subject of this action was entered into contemporaneously with all of the other loan documents which relate to the Property located in Delaware. Based on the foregoing, Defendants are subject to personal jurisdiction in this Court.

## FACTUAL BACKGROUND

9. Plaintiff incorporates each of the proceeding paragraphs as though set forth fully herein.

### I. The Property.

10. Borrower is the owner and landlord of the Property. The Property consists of eight (8) buildings containing 128 rentable apartment units set on approximately six (6) acres of land. Borrower also owns all of the parking lots and unimproved land within the Property.

11. Specifically, the real property within the Property owned by Borrower consists of the following:

    a. The apartment buildings commonly known as Galloway Court Apartment Homes located at 400 South Dupont Highway, New Castle, Delaware 19720, on 5.74 acres of land, with building nos. 1 through 4 each containing nineteen (19) rentable units, building nos. 5 and 6 each containing fifteen (15) rentable units, and building nos. 7 and 8 each containing eleven (11) rentable units, and designated as tax parcel no. 10-034.00-087 (the "<u>Galloway Court Apartment Homes</u>") within the legal description of the Property. A true and correct copy of the Legal Description is attached hereto as **Exhibit A**.

## II. The Loan.

12. On or about May 20, 2022, Borrower received a commercial loan in the original principal amount of $19,000,000.00 (the "<u>Loan</u>"), as evidenced by that certain Loan Agreement, dated as of as of May 20, 2022, by and among Borrower, Plaintiff in such capacity as Agent, and the lenders from time to time party thereto (the "<u>Lenders</u>"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.

13. Simultaneously with the execution and delivery of the Loan Agreement, Borrower made, executed, and delivered to Plaintiff as a Lender that certain Promissory Note (the "Note") dated as of May 20, 2022, in the original principal amount of $19,000,000.00 evidencing the Loan made to Borrower. A true and correct copy of the Note is attached hereto as **Exhibit C.**

14. As an inducement to Plaintiff as a Lender making the Loan, Defendants Menachem Tress and Elimelech Tress (each individually and collectively, the "Defendants" or "Guarantors") made, executed, and delivered to Lender that certain Limited Guaranty dated as of May 20, 2022 (the "Original Guaranty").

15. On or about September 29, 2023, Guarantors made, executed, and delivered to Plaintiff as a Lender that certain Amended and Restated Limited Guaranty dated as of September 29, 2023 (the "Amended Guaranty") which, among other things, provides that Guarantors:

> jointly, severally, unconditionally and absolutely guarantees to the [Plaintiff]: (i) the due and punctual payment and performance when due of the Loan Obligations and any and all other monies and amounts due or which may become due on or with respect to any of the foregoing, and the due and punctual performance and observance by Borrower and Guarantor(s), and any other guarantor or surety with respect to the Loan Obligations, of all other terms, covenants, agreements and conditions of the Loan Agreement and the other Loan Documents, in any case whether according to the present terms thereof, at any earlier or accelerated date or dates or pursuant to any extension of time or to any change in the terms, covenants, agreements and conditions thereof now or any time

> hereafter made or granted, (ii) all liabilities and obligations of Guarantor(s) hereunder and under the Loan Documents to which it is a party, including without limitation any pledge agreements, and (iii) all costs, expenses and liabilities (including, without limitation, reasonable attorneys' fees and expenses, documentation and diligence fees and legal expenses, and search, audit, recording, professional and filing fees and expenses) that may be incurred or advanced by Lender in any way in connection with the foregoing and/or otherwise required to be paid by Borrower under the Loan Documents and/or Guarantor(s) hereunder (collectively, such items in clauses (i) through (iii) being the "Guaranteed Obligations"). Guarantor(s) acknowledge that this [Amended Guaranty] shall be deemed a continuing guaranty of the Guaranteed Obligations under the Loan Documents.

*See* Amended Guaranty § 2. A true and correct copy of the Amended Guaranty is attached hereto as **Exhibit D**.

16. The Guaranty further provides that the Guaranteed Obligations of Guarantors shall be limited to a maximum aggregate amount of $4,750,000.00 (the "Guaranty Cap"), plus any enforcement costs under Section 13 of the Amended Guaranty. *See id.* § 20(A).

17. The Guaranty also states that the Guaranteed Obligations under the Amended Guaranty shall be reduced to zero ($0.00) upon the payment in full of that certain Term Promissory Note made, executed, and delivered from Guarantors to Plaintiff as a Lender dated as of September 29, 2023, in the original principal amount of $1,700,000.00 (the "Personal Note"). *See id.* § 20(B). A true and correct copy of the Personal Note is attached hereto as **Exhibit E**.

18.     As of the date hereof, the Personal Note has not been paid in full so the Guaranteed Obligations of the Guarantors pursuant to the Amended Guaranty with respect to the Personal Note remain outstanding.

19.     The Guaranty further provides that the obligation of Guarantor(s) to pay the Guaranteed Obligations shall apply only in the occurrence of certain events, including, but not limited to, when the "Guarantor(s) [are] contesting or directing any third party to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder". *See id.* § 21(v).

### III.    Events of Default.

20.     Borrower is in default under the Loan for, among other things, failing to pay, as required by Section 2.1(b) of the Loan Agreement, the accrued interest on the Loan on the first calendar day of each month beginning February 1, 2024, with such failures continuing through today.  Borrower's failure to pay the accrued interest when due constitutes an event of default (an "Event of Default") under Section 8.1(b)(ii) of the Loan Agreement.

21.     Borrower is also in default under the Loan for failing to achieve and maintain compliance with the Minimum Debt Service Coverage Ratio for the periods ending March 31, 2023, and June 30, 2023, as required by Section 4.12(b)(i)(A) of the Loan Agreement, with such failures continuing through today.

Borrower's failure to achieve compliance with the Minimum Debt Service Coverage Ratio within the specified periods constitutes an Event of Default under Section 8.1(t) of the Loan Agreement.

22. By correspondence dated November 16, 2023, Plaintiff notified Borrower of its default under the Loan for failing to achieve and maintain compliance with the Minimum Debt Service Coverage Ratio for the periods ending March 31, 2023, and June 30, 2023, and Plaintiff reserved all of its rights under the Loan Agreement and Loan Documents. Despite notification, Borrower failed to achieve and maintain compliance with the Minimum Debt Service Coverage Ratio. A true and correct copy of the foregoing notice is attached hereto as **Exhibit F**.

23. By correspondence dated March 6, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay this past due amount. A true and correct copy of the forgoing notice is attached hereto as **Exhibit G**.

24. By correspondence dated May 3, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, March 1, 2024, and April 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand,

Borrower failed to pay the past due amounts. A true and correct copy of the forgoing notice is attached hereto as **Exhibit H**.

25. By correspondence dated May 29, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, March 1, 2024, April 1, 2024, and May 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay the past due amounts. A true and correct copy of the forgoing notice is attached hereto as **Exhibit I**.

26. In light of the foregoing defaults, by correspondence dated June 13, 2024, Plaintiff again notified Borrower of its defaults under the Loan, elected to accelerate the Loan and all Loan Obligations, pursuant to Section 8.2(a) of the Loan Agreement and Paragraph 5 of the Note, and demanded that Borrower immediately pay the Loan in full. Further as a result of the occurrence and continuation of the Events of Default, pursuant to Section 7.10(b) of the Loan Agreement, as of June 12, 2024, the balance in the Payment Reserves was applied to the outstanding Loan. A true and correct copy of the forgoing notice is attached hereto as **Exhibit J**.

27. As of June 14, 2024, Defendant owes Plaintiff a total of **$21,439,898.89** under the Note, consisting of the following:

| | |
|---|---|
| Principal | $18,899,622.36 |
| Interest Due | $531,685.35 |
| Default Interest | $1,745,625.00 |
| Late Fees | $73,969.96 |

| | |
|---|---|
| Exit Fee (1.00%) | $188,996.22 |
| **Total:** | **$21,439,898.89**, plus accruing interest and default interest in the total amount of $8,856.11 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Defendant's behalf. |

28. Despite demand, none of the above amounts have been paid.

29. The Guarantors received each of the foregoing notices.

**IV.   Litigation and Resulting Counterclaims.**

30. On June 21, 2024, Plaintiff commenced three separate actions against Borrower in state court in Delaware.

31. First, Plaintiff filed a *Verified Complaint for Appointment of Receiver Pendente Lite to Manage [Borrower]'s Property* in the Court of Chancery of the State of Delaware against Borrower, identified by C.A. No. 2024-0676-KMV.

32. Second, Plaintiff filed a *Complaint for Default on Mortgage* in the Superior Court of the State of Delaware against Borrower, identified by C.A. No. N24L-06-048 KMV.

33. Third, Plaintiff filed a *Complaint for Breach of Promissory Note* in the Superior Court of the State of Delaware against Borrower, identified by C.A. No. N24C-06-186 KMV.

34. The foregoing cases listed in Paragraphs 30-32 are defined as the "Galloway State Court Cases".

35. On July 26, 2024, Borrower removed the Galloway State Court Cases to the United States District Court for the District of Delaware which are identifiable at 1:24-cv-00871-RGA, 1:24-cv-00872-RGA, and 1:24-cv-00874-RGA (collectively, the "Removed Actions").

36. On August 1, 2024, Borrower filed its *Answer, Affirmative Defenses, and Counterclaims to Complaint* (the "Counterclaims") against Plaintiff in each of the Removed Actions. The Borrower asserts claims for (i) fraudulent inducement, (ii) breach of contract, (iii) breach of the implied covenant of good faith and fair dealing, (iv) promissory estoppel, and (v) unjust enrichment against Plaintiff. A true and correct copy of the Counterclaims filed by Borrower in the Removed Action at 1:24-cv-00871-RGA is attached hereto as **Exhibit K**. The Counterclaims filed in the remaining Removed Actions at 1:24-cv-00872-RGA, and 1:24-cv-00874-RGA are omitted because they are voluminous in nature and duplicative of the Counterclaims filed in 1:24-00860-RGA.

37. Guarantors' failure to pay Plaintiff $4,750,000.00 plus any enforcement costs under Section 13 of the Amended Guaranty constitutes an event of default under the Loan Documents and Amended Guaranty and entitles Plaintiff to exercise various legal remedies available both under the Amended Guaranty and at law generally against Defendants.

38. Further, Guarantors' directing of the Borrower to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder set as forth in the Counterclaims triggers the obligations of the Guarantors to pay the full amount of the Guaranteed Obligations.

39. As of June 14, 2024, Guarantors owe Plaintiff a total of $21,439,898.89, plus accruing interest and default interest in the total amount of $8,856.11 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Borrower's behalf, under the Amended Guaranty.

40. None of the above amounts have been paid.

41. Defendants' failure to pay the sums due under the Amended Guaranty upon acceleration of the Loan is without privilege or justification.

42. Plaintiff has faithfully and in good faith fulfilled all of its obligations to Guarantors, has and vested with all of the rights under the Loan Agreement and Note and Amended Guaranty evidencing the Loan, and has otherwise performed all acts necessary to preserve all of its rights under the Amended Guaranty.

## COUNT I
**(Breach of Amended Guaranty against Defendants)**

43. Plaintiff incorporates each of the proceeding paragraphs as though set forth fully herein.

44. As an inducement to Plaintiff as a Lender making the Loan, the Guarantors made, executed, and delivered to Lender the Original Guaranty.

45. On or about September 29, 2023, Guarantors made, executed, and delivered to Plaintiff in its capacity as collateral and administrative agent for the Lenders that Amended Guaranty which, among other things, provides that each Guarantor (each individually and collectively, together with their successors, assigns, heirs, executors, administrators and legal representatives, pursuant to the preamble of the Amended Guaranty) would, subject to the provisions of Section 21 in the Amended Guaranty, unconditionally and absolutely guarantee payment of the Guaranteed Obligations. *See* **Ex. D** § 2.

46. Section 21(v) of the Amended Guaranty provides that the obligation of Guarantor(s) to pay the Guaranteed Obligations shall apply only in the occurrence of certain events, including, but not limited to, when the "Guarantor(s) [are] contesting or directing any third party to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder". *See id.* § 21(v).

47. On August 1, 2024, Borrower Galloway Apartments GEM LLC, of which Defendants Menachem Tress and Elimelech Tress are controlling members, filed Counterclaims in the Removed Actions against Plaintiff.

13

48.     Menachem Tress and Elimelech Tress are in breach of Section 20(b) of the Amended Guaranty because the Personal Note has not been paid in full so the Guaranteed Obligations of the Guarantors, in the amount of $4.75 million, pursuant to the Amended Guaranty remain outstanding.

49.     Menachem Tress and Elimelech Tress are also in breach of Section 21(v) of the Amended Guaranty by directing Borrower to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses by the Counterclaims for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder.

50.     Therefore, due to the foregoing defaults, as of June 14, 2024, Guarantors owe Plaintiff a total of $21,439,898.89, plus accruing interest and default interest in the total amount of $8,856.11 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Borrower's behalf, under the Amended Guaranty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Capital Funding, LLC demands that the Court: (i) enter judgment in favor of Plaintiff and against Defendants Menachem Tress and Elimelech Tress jointly and severally in an amount not less than $21,439,898.89, plus accruing interest and default interest in the total amount of $8,856.11 *per diem* from and after June 14, 2024, fees (including attorneys' fees) and costs, together with

the protective advances made on Borrower's behalf, under the Amended Guaranty, plus interest accruing at the applicable judgment rate in effect from and after the date of judgment and additional attorneys' fees hereafter incurred; and (ii) grant Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: August 23, 2024<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER,**<br>**COPLAN & ARONOFF LLP**<br><br> /s/ Kevin M. Capuzzi        <br>Michael J. Barrie (No. 4684)<br>Kevin M. Capuzzi (No. 5462)<br>John C. Gentile (No. 6159)<br>1313 North Market Street, Suite1201<br>Wilmington, Delaware 19801<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>mbarrie@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com<br><br>*Counsel to Plaintiff Capital Funding, LLC* |